ESTATE OF TILLA R. WEGMAN, DECEASED, BY LEONARD S. WEGMAN, ADMINISTRATOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Wegman v. Commissioner
Docket No. 4572-76.
United States Tax Court
T.C. Memo 1977-112; 1977 Tax Ct. Memo LEXIS 327; 36 T.C.M. (CCH) 497; T.C.M. (RIA) 770112; April 18, 1977, Filed Samuel M. Sprafkin, for the petitioner. Peter Matwiczyk, for the respondent. TIETJENS
MEMORANDUM OPINION TIETJENS, Judge: The Commissioner determined a deficiency in estate tax of $2,192.47. Tilla R. Wegman died June 15, 1972. Leonard S. Wegman, her surviving husband, who resided in the Village of Kings Point, N.Y. is the administrator of her estate. The estate tax return was filed with the Internal Revenue Service Center at Andover, Ma.
There are other issues in the case, but both parties have filed separate motions for summary judgment pursuant to Rule 121 of the Rules of Practice and Procedure of this Court on the sole issue of the proper amount of the marital deduction to which the estate is entitled. So many of the facts as are necessary for our decision will *328 be summarized hereafter. We do not understand they are in dispute. It is only the legal conclusion that is controverted. Decedent left a paper writing entitled "Last Will and Testament." She signed it, but it was witnessed by but one person. The document could not be admitted to probate under New York law. Nevertheless the administrator filed it with the Surrogate's Court for Nassau County together with an agreement among the surviving spouse (the administrator of the estate) and Richard A. Wegman and Lydia Nan Steele, decedent's two children. This agreement recited that the paper writing "is technically deficient and cannot be admitted to probate" but that it was "the desire of each of the parties to give effect to the expressed wishes of the decedent." Accordingly, the agreement recited that the son and daughter each "renounced" their intestate share in decedent's estate and assigned their rights therein to their father, Leonard. In the same instrument, Leonard agreed to carry out his wife's wishes as expressed in the purported will. The Surrogate held this agreement was not a "renunciation" but that it was an agreement to give effect to the "paper writing of the decedent" *329 as the "Will of the decedent and effective to the same extent as though it had properly directed testamentary disposition of decedent's property." In these circumstances, we agree with the Commissioner that decedent's property was not disposed of by will, but passed to her surviving spouse and two children through intestate succession, and then was divided among the husband and children pursuant to the agreement. Thus N.Y. Est., Powers & Trusts Law sec. 4-1.1 (McKinney 1967) which provides for property not disposed of by will, which we think governs this property, says that $2,000 and one-third of the residue goes to the surviving spouse (Leonard) with the balance to the children and their issue. Section 2056 of the Internal Revenue Code of 1954 provides that the marital deduction is limited to property which passes from decedent directly to the surviving spouse. In this case -- at least as we see it -- the only property passing from decedent to her surviving spouse passed under New York's rules on intestate succession. That amount, as determined by the Commissioner was $2,000 plus one-third of the residue, or a total *330 of $29,552.05. Petitioner claims a marital deduction of $55,953.84 based on the agreement of the surviving husband and the surviving children and the order of the Surrogate's Court approving the writing left by decedent. We cannot agree that this combination of events helps petitioner. We hold that we must take the steps separately. First, there was no valid will. Second, the property which was succeeded to by intestacy by the husband was limited to $2,000 plus one-third of the residue. At this point the marital deduction is to be determined. This the Commissioner has done. The agreement of the husband and the children did not pass the property -- it simple provided for a further division of property that had already passed by intestacy. The petitioner treats the so-called "controversy" about the estate as involving an "adversary proceeding" before the Surrogate's Court. As a matter of fact we cannot find there was any controversy about the will. Here there was no valid will and petitioner admits it. After that, (1) intestacy set in and (2) the parties got what intestacy provided and (3) they divided among themselves by agreement differently from what intestacy provided. *331 It is after step (2) that the marital deduction took hold and that is what the Commissioner has recognized in his determination.